## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KARI C. WOODELL, | |
| Plaintiff, | |
| vs. | |
| SUNRISE MEDICAL SOLUTIONS, INC., BRIAN ADKINS and TODD MAY, | |
| Defendants. | |

## COMPLAINT

Plaintiff Kari C. Woodell brings this Complaint against Sunrise Medical Solutions, Inc. ("Sunrise"), Brian Adkins and Todd May, for due but unpaid overtime wages and damages stemming from retaliatory conduct, showing the Court as follows:

### INTRODUCTION

1.

In this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and breach of contract action, Plaintiff Woodell seeks to recover unpaid overtime wages and commissions from her former employers, Sunrise Medical Solutions, Brian Adkins and Todd May. Plaintiff worked for Defendant as a salesperson at its

Grayson, Georgia office.  Plaintiff was paid on a salary basis and typically worked in excess of 40 hours per week.  Plaintiff was a non-exempt employee, and was denied her full overtime wages by defendants.  Defendants also failed to notify Plaintiff of her FLSA rights and failed to properly record her hours of work as required under the FLSA, resulting in multiple underpayments of overtime wages.

2.

Plaintiff Woodell was guaranteed certain commission and bonus payments based on her attainment of certain goals. Despite attaining these goals, she was denied the promised compensation. The commission and bonus payments are properly treated as part of her regular rate of pay under the FLSA.

3.

Defendants have retaliated against Woodell for asserting her rights under the FLSA. The retaliation has included terminating her employment and denying her access to personal property left at Sunrise.

**PARTIES, JURISDICTION, AND VENUE**

4.

The subject matter jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute which affects

interstate commerce. This Court has supplemental jurisdiction over Woodell's state law claims as they arise from the same nucleus of operative facts.

5.

Plaintiff Woodell is a natural person residing in Gwinnett County, Georgia.

6.

Sunrise Medical Solutions, Inc. (hereinafter "Sunrise") is a domestic corporation existing under the laws of the State of Georgia.

7.

Sunrise may be served with process via service on its registered agent for service, Michael Byrne, 2138 East Main Street, Gwinnett, Snellville, GA 30078.

8.

This Court has personal jurisdiction over Sunrise Medical Solutions, Inc. because its principal place of business is located within the Northern District of Georgia and it regularly conducts business and offers its services within this District.

9.

Defendant Adkins is an individual residing in, Gwinnett County, Georgia. Defendant Adkins may be served with process at 10 Lake Valley Drive, Loganville, Georgia 30052, or wherever he may be found.

10.

Defendant May is an individual residing in Cumming, Forsyth County, Georgia at 1265 Timberlake Trail, Cumming, Georgia 30041. Defendant May may be served with process at this address, or wherever he may be found.

11.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**EMPLOYMENT RELATIONSHIP**

12.

Sunrise is engaged in the business of managing medical equipment, medical supply and home health care needs for injured employees in the Southeastern United States.

13.

Sunrise's offices are located in Grayson, Georgia, and Sunrise provides services throughout Georgia, Tennessee and Alabama.

14.

Sunrise has engaged in the same business activities throughout the three years prior to the filing of this complaint (hereinafter "the Relevant Time Period").

15.

Plaintiff Woodell worked for Sunrise as a salesperson and customer service agent from December 15, 2015 to December 4, 2017 (the "Relevant Time Period").

16.

In this position, Plaintiff worked primarily in the Grayson office, but also routinely traveled outside the State of Georgia to attend conferences and develop sales for Sunrise.

17.

During the Relevant Time Period, Plaintiff was an "employee" of Sunrise within the meaning of 29 U.S.C. § 203(e)(1).

**INDIVIDUAL EMPLOYER ALLEGATIONS**

18.

During the Relevant Time Period, Defendant Adkins was an owner of Sunrise and direct manager of Plaintiff.

19.

During the Relevant Time Period, Defendant Adkins had managerial authority over Plaintiff.

20.

During the Relevant Time Period, Defendant Adkins controlled the terms of Plaintiff's employment, including pay rates and hours.

21.

During the Relevant Time Period, Defendant Adkins had authority to hire and fire Plaintiff.

22.

During the Relevant Time Period, Defendant Adkins was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

23.

During the Relevant Time Period, Defendant May was consulted in the management of Sunrise employees and had direct involvement in the operation of the business.

24.

Upon information and belief, during the Relevant Time Period, Defendant May controlled the terms of Plaintiff's employment, including pay rates and hours.

25.

During the Relevant Time Period, Defendant May was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

## ENTERPRISE COVERAGE ALLEGATIONS

26.

Throughout the Relevant Time Period, Sunrise employees regularly handled goods or materials that moved through commerce for Sunrise's business purpose, including but not limited to medical supplies and services.

27.

During the Relevant Time Period, Sunrise had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During the Relevant Time Period, Sunrise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During the Relevant Time Period, Sunrise was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

## NON-EXEMPT EMPLOYEE UNDER THE FLSA

30.

During the Relevant Time Period, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

31.

During the Relevant Time Period, Sunrise did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

32.

During the Relevant Time Period, Sunrise did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

33.

During the Relevant Time Period, Sunrise did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a)..

34.

During the Relevant Time Period, Sunrise paid Plaintiff on a salary basis.

35.

During the Relevant Time Period, Sunrise treated Plaintiff as a FLSA exempt employee.

36.

Despite Defendant Adkin's prior sworn testimony that Sunrise had policies monitoring the hours of Plaintiff's work, during the Relevant Time Period, Sunrise failed to accurately record Plaintiff's hours of work.

37.

During the Relevant Time Period, Plaintiff often worked more than forty hours in a given workweek.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

38.

The allegations in paragraphs 1 through 37 are incorporated by reference as if fully set out in this paragraph.

39.

During the Relevant Time Period, Plaintiff was an FLSA non-exempt employee and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

40.

Plaintiff worked for Sunrise in excess of 40 hours per week during multiple workweeks throughout her employment. Defendants required Plaintiff to work a

set minimum work schedule, however, Defendants did not pay Plaintiff in accordance with her actual work hours.

41.

Defendants failed to pay Plaintiff at one-and-one-half times her regular rate of pay for work in excess of 40 hours in each relevant workweek.

42.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendants had not relied on any letter ruling from the Department of Labor indicating that Plaintiff's work duties were subject to any exemption from the overtime pay provisions of the FLSA.

43.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendants had not relied on any legal advice indicating that laundry workers were subject to any exemption from the overtime pay provisions of the FLSA.

44.

Defendants' failure to pay Plaintiff all required overtime premiums was willful.

45.

Plaintiff is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

46.

Plaintiff is entitled to liquidated damages in an amount equal to her unpaid overtime wages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

47.

Plaintiff is entitled to her litigation costs, including her reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II**
**RETALIATION UNDER THE FLSA**

48.

The allegations in paragraphs 1 through 47 are incorporated by reference as if fully set out in this paragraph.

49.

On December 4, 2107, Plaintiff was verbally abused at her workplace by Defendant Adkins. Plaintiff was then told to leave work for the remainder of the day while she "thought about her return." Plaintiff left work as instructed and took with her payroll records and other materials she ordinarily used to complete her job

functions. Defendants Adkins and Sunrise then contacted law enforcement and attempted to have Plaintiff arrested.

50.

That same day, Plaintiff's counsel sent Defendants a letter asserting Plaintiff's rights under the FLSA. Plaintiff was thereafter terminated from her employment. That termination was in retaliation for Plaintiff asserting her legal rights under the FLSA.

51.

Plaintiff was not permitted to return to Sunrise to collect her personal belongings. Plaintiff's belongings remaining at Sunrise's office included her personal mail and documents pertaining to her medical care. These documents included medical papers relating to a serious medical procedure Plaintiff had scheduled. Defendants refused to provide Plaintiff with her personal property and refused to allow Plaintiff to retrieve her items, even with the accompaniment of law enforcement. These actions were in direct retaliation for Plaintiff's assertion of her rights under the FLSA.

WHEREFORE, Plaintiff respectfully prays that the Court:

a.      Take jurisdiction of this matter;

b.      Grant a trial by jury as to all matters properly triable to a jury;

c.      Award Plaintiff her due but unpaid overtime wages under the FLSA in

an amount to be determined at trial against Defendants, plus

additional like amounts in liquidated damages;

d.      Permanently enjoin Defendants from violating the overtime

provisions of the FLSA;

e.      Award Plaintiff her costs of litigation, including reasonable attorney's

fees from Defendants;

f.      Award Plaintiff prejudgment interest on all amounts owed to the

extent that liquidated damages are not awarded;

g.      Award Plaintiff compensatory damages;

h.      Award any and such other further relief this Court deems just,

equitable, and proper.

This 15th day of November, 2018.

Respectfully submitted,

**MILLER MARTIN PLLC**

Regions Plaza Suite 2100                    */s/ Christopher E. Parker*
1180 West Peachtree Street, N.W.            Christopher E. Parker
Atlanta, GA 30309-3407                      Ga. Bar No. 562152
(404) 962-6100 (p)
(404) 962-6300 (f)                          ***Counsel for Plaintiff***
chris.parker@millermartin.com